## SALE OF LANDS OF DECEDENT TO PAY DEBTS.

Circuit Court of Cuyahoga County.

WILLIAM B. BEEBE, ADMINISTRATOR DE BONIS NON OF THE ESTATE OF JOHN CANDA, DECEASED, v. JOHN A. CANDA ET AL.

Decided, February 14, 1911.

*Administrator—Action to Sell Lands Fraudulently Caused to be Conveyed.*

An administrator may bring his action in the common pleas court for the sale of lands to pay his decedent's debts and include in such action lands to which the decedent never held title, but for which he paid and fraudulently caused to be conveyed to another with intent to defraud his creditors.

*Wm. B. Beebe, W. C. Rogers, J. W. Bowes* and *W. S. Kerruish,* for plaintiff in error.

*Hart, Canfield & Croke* and *George C. Hansen,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

On the 12th day of September, 1907, John Canda, theretofore a resident of Cuyahoga county, Ohio, died intestate, leaving several heirs at law, all of whom are made defendants in this action. One of said heirs at law, viz, John A. Canda, who is a son of the said deceased, was appointed by the probate court of said county as administrator of said decedent's estate; later he was removed from said administration, and thereafter the plaintiff was appointed by said probate court to complete such administration.

At the time of his death said John Canda was indebted to various persons, and there now remains unpaid, of such debts, on the aggregate of $3,000 or more.   There are no personal assets of said estate available for the payment of any part of said debts, or the costs and expenses of the administration of the decedent's estate.

Said decedent held legal title to no real estate at the time of his death, nor had he any equitable title to or interest in any real estate, which could have been maintained by him, or which can be maintained by his heirs at law.

The petition in this case describes three parcels of real estate, which it alleges were all purchased and paid for by the decedent, and by him caused to be conveyed to the parties now holding the legal title thereto.   None of these parcels was conveyed by the defendant to the present holder of the legal title.

The petition further alleges that at the several times when these parcels were so purchased and paid for by the decedent he was largely in debt and that he purchased and paid for each of them, causing the title in each case to be conveyed to another, for the purpose of concealing his assets and to hinder, delay and defraud his creditors.

The legal title to one of the parcels described in the petition is now in Mabel G. Hill.   As to such parcel we find no evidence that she did not pay for such parcel taking the title in good faith, and as against her the petition is dismissed.

The legal title to another parcel is in Joseph J. Ptak; this is described as being in Cleveland, Cuyahoga county, Ohio, and consisting of sub-lots 377 and 378 in J. M. Hoyt's allotment. This was conveyed to said Ptak by Barbara Canda, now deceased, who then held the legal title to said premises by devise under the will of her deceased husband, Jan Canda, who obtained his title by deed from the said decedent, John Canda; such conveyance was made for the purpose of securing payment of money loaned by said Ptak to said John Canda which said money has been paid to said Ptak, so that he makes no claim to the ownership of said premises.

The said Barbara Canda left a will, which was duly probated, by which she bequeathed her property (except her home on

Iona street, which she demises to John A. Canda and Edward Canda) to the defendant John A. Canda, so that as between the defendants Joseph J. Ptak and John A. Canda the latter is the owner of the said two lots.

The legal title to the other parcel of real estate described in the petition, viz.: "situate in Cleveland, Cuyahoga county, Ohio, and being the westerly 40 feet of sublot No. 8, in Bateman & Ingham's allotment of part of original lot 56 of Brooklyn township" is in the defendant John A. Canda by deed to him from William T. Ingham and wife, dated April 6th, 1907.

Having earlier in this opinion disposed of the land standing in the name of Mabel G. Hill and having shown that Joseph J. Ptak has nothing but the naked legal title to the two lots in the Hoyt allotment, we come to a consideration of the rights of the defendant John A. Canda in the two lots in the Hoyt allotment, and the 40 feet parcel in the Bateman and Ingham allotment.

We have given careful consideration to the evidence presented as to the property used in payment for these parcels.

We do not feel that it would be profitable to go into the details by which we reach the conclusion, which we do reach, that the evidence is clear and convincing that the Hoyt lots, when they were conveyed to Jan Canda by John Canda, were not paid for by said Jan Canda, from whom the legal title went by will to Barbara Canda, and from her to John A. Canda, by will, as hereinbefore stated.

Said John Canda was then in debt to such an extent that he made this conveyance for the purpose of concealing his assets and defrauding his creditors and this conveyance being thus tainted with fraud, the title derived by Barbara under the will of Jan, and the title derived by John A., under the will of Barbara, each is tainted with the same fraud, and therefore said premises are liable in a proper proceeding to be subjected to the payment of the debts which John owed at the time of his death.

We also reach the conclusion that the 40 foot parcel, being the first parcel described in the petition, was purchased and paid for by said John Canda; that the building now on said last named premises was erected at the expense of said John Canda, except

to the extent that money was furnished by the defendant, the Pearl Street Savings & Trust Company, for which it holds a good and valid mortgage; it follows that, subject to said mortgage, said last named premises are liable in a proper proceeding to be subjected to the payment of the debts owing by said John Canda at the time of his death.

That this is so, is established by the decision of *Shorten* v. *Woodrow,* 34 Ohio St., 645, where it is said in the second paragraph of the syllabus:

"An insolvent debtor purchased real estate and with the fraudulent intent to conceal from his creditors his interest or ownership therein caused the vendor to convey the premises to a third person, who at the debtor's request conveyed the same to the latter's wife.

"*Held:* That the wife in equity holds the legal title to the premises conveyed subject to the right of her husband's creditors to subject the same to the payment of their claims."

This holding is made upon the well established principle of equity that a debtor will not be permitted by fraud to cover up or conceal his property in such wise as to prevent the application of it to the payment of his debts.

The question still remains whether the present action can effect the purpose of subjecting the property named in the petition, and now held, as hereinbefore pointed out. This question is not free from doubt, and has given us much difficulty.

The statutory authority as it existed at the commencement of this action, under which the plaintiff would be authorized to sell real estate, for the payment of debts, and the method of proceeding, is found in Section 6136, Revised Statutes, to and including Section 6166.

Section 6139 reads in part:

"The real estate liable to be sold as aforesaid, shall include all that the deceased may have conveyed with intent to defraud his creditors, and all other rights and interests in lands, tenements and hereditaments," etc.

Section 6140 reads:

"If land is to be included in such action which has been so fraudulently conveyed, the executor or administrator may either

before or at the   *   *   *   same time bring an action for the re-
covery of the possession of such land; or he may in his action
for the sale thereof allege the fraud and have the fraudulent
conveyance avoided therein; but when such land is included
in the application, before a recovery of the possession thereof
the action shall be in the court of common pleas."

The present action was begun in the court of common pleas,
and though the theory of the plaintiff in his petition seems to
be that it was under the first authority given in the section,
viz., an action for the recovery of the possession of the lands
described in the petition, we think the allegations are such that
if a cause of action is stated for the recovery of the possession,
they are sufficient to entitle the plaintiff to an order to sell,
treating the action as brought under authority of the provision
in the latter clause of the section in the words, "He may in his
action for the sale thereof allege the fraud and have the fraudu-
lent conveyance avoided therein."

Applying this to the two lots in the Hoyt allotment, which
we find were fraudulently conveyed by John Canda to his father
Jan Canda, as Ptak makes no claim to them, avoiding the deed
from John to Jan, brings this land within the clear provisions
of the statute authorizing the sale of the land fraudulently con-
veyed.

As to the other parcel, the forty feet on which the business
block stands, and which was conveyed to John A. Canda by
Ingham, it is manifest that the avoidance of this conveyance
would leave the title in Ingham, as pointed out in the case of
*Shorten* v. *Woodrow, supra,* and so the administrator would
be in no better position to give a good title than he was before
the deed was avoided.

In the same case it it held that the statute there under con-
sideration, which was the seventeenth section of the act then
in force, regulating the mode of administering assignments in
trust for the benefit of creditors, did not include the setting
aside of deeds procured by an insolvent debtor, to be made by
another than himself, to a grantee for the purpose of defraud-
ing the creditors of the insolvent.  That section provided "All
transfers, conveyances or assignments made with intent to de-

fraud, delay or hinder creditors, shall be declared void at the suit of any creditor,'' etc.   The court said in relation to this section, as appears on page 653 of the report, that:

"The conveyance which lays at the foundation of the proceeding, and upon which alone the statute was designed to operate, is the fraudulent conveyance of the debtor himself.   It has no application to a conveyance made by a mere trustee of the legal title, although such conveyance is made at the instance of the *cestui que trust,* or beneficial owner.''

Section 4196, Revised Statutes, in force when this action was brought, provides that:

"Every gift, grant, or conveyance of lands, rents, goods or chattels, tenements,   *   *   *   and every bond, judgment or execution made or obtained with intent to defraud creditors of their just and lawful debts or damages   *   *.   *   shall be deemed utterly void and of no effect.''

On the part of the defendant John A. Canda it is urged that the two statutes are so nearly alike that to hold that the former includes only conveyance of the debtor himself and does not include such as he procures to be made by another, must necessarily result in holding that the same is true under the last mentioned; but even if this be true it does not follow necessarily that Section 6139 providing that the land to be sold shall include all that the deceased may have conveyed with intent to defraud his creditors and all other rights and interests in lands, coupled with the provisions of Section 6140 as to the way in which the action may be brought, may not include such as the deceased fraudulently caused to be conveyed by another person. The fact that the action is to be brought in the court of common pleas, having general equity jurisdiction, when the subjecting of land fraudulently conveyed is sought, whereas the action may be brought in the probate court, having no equity jurisdiction, is significant as tending to show that in one action all the equities may be determined to the end that without unnecessary litigation the administrator may be able to work out the rights of the creditors, as against those claiming under any title tainted with fraud.

It is true that he who fraudulently conveys, or causes to be conveyed lands for the purpose of defrauding his creditors, has no longer any interest in such land which can be enforced by him, or after his death by his heirs at law, but to the extent of their claims his creditors have an interest in such lands which they can enforce, and there seems no good reason why their rights may not be worked out by an administrator.

In *Bloomingdale* v. *Stein*, 42 Ohio St., 168, it was held:

"A executed to B a promissory note and warrant of attorney, upon which judgment was rendered, and an execution having been issued on the judgment, the sheriff levied the same on A's goods. The note was without consideration and A was insolvent when it was executed. In doing and procuring to be done these various acts, both A and B concurred, and their object was to defraud A's creditors: *Held*: That the acts were within the statute which provides that all transfers, conveyances or assignments made with intent to hinder, delay or defraud creditors, shall be declared void at the suit of any creditor."

It will be noticed that this was before that statute included the words now found in Section 6343, viz: "And every judgment suffered by him," etc.

In the opinion prepared in this case by Judge Okey, at page 171, there is an intimation, at least, of doubt whether the holding in *Shorten* v. *Woodrow* is sound, but without saying that it is not, he says, "We have no hesitancy however in saying that we would not be warranted in this case in placing any strict construction upon this remedial statutory provision. The law regards the thing which the debtor has done rather than the means by which he accomplished it; for if he has placed his property in the hands of another to defraud his creditors, the creditor is equally injured whether the transfer was effected by a formal instrument of writing by means of a fraudulent execution, or by some other device, and equity in either case, looking through the form to the substance of the transaction, will not hesitate to grant relief, in accordance with the evidence, and the object and purpose of the statute."

In the case of *Doney* v. *Clark*, 55 Ohio St., 294, Judge Shauck in his opinion, pp. 302 and 303 says:

"Nor can it be doubted that the powers of executors and administrators are such only as may be conferred upon them by statute. This, however, does not forbid the application of remedial statutes conferring such power of the familiar rule that to the extent which their language will permit statutes of that character are to receive such construction as will accomplish the apparent object of the Legislature."

Applying the principles announced in the cases to the case before us, it would seem to result in holding that the administrator should be ordered to sell so much of said real estate as is necessary to pay the decedent's debts, and the cost of the administration.

The purpose of the two sections of the statute, 6139 and 6140, is plainly to enable the administrator to obtain in one action authority to convert into money such real estate as ought in equity to be applied to the payment of the debts of the decedent, instead of making it necessary for the creditor to bring the action. And Section 6140 provides what shall be done when it is necessary to go into equity to do it.

True, the express letter of the statute does not authorize the subjecting of the real estate, by the administrator, to the payment of debts, where the real estate was fraudulently procured to be conveyed by the debtor, but we think the manifest purpose of the statute does include real estate so conveyed.

In the case of *Doney* v. *Clark, supra*, it was held that though the statute does not expressly authorize it, an administrator of an insolvent estate may maintain an action against a fraudulent grantee of the decedent, for the value of the land fraudulently conveyed, where such grantee has conveyed the land to an innocent purchaser. This, not upon the proposition that such fraudulent grantee was indebted to his grantor, or that the heirs at law had any rights in the land or against the grantee, but that good conscience requires that creditors shall not be deprived of their rights by the concurrent fraudulent acts of the debtor and any other person.

We reach the conclusion, therefore, that the lands now standing in the name of Ptak and in the name of John A. Canda may be subjected in this action to the payment of the decedent's debts.

It appearing that the lands in the name of Ptak will not sell for enough to pay all such debts and the costs of administration, and that the lands now standing in the name of John A. Canda will probably sell for enough for this purpose, after paying off the mortgage of the Pearl Street Savings & Trust Company, the order will be to sell the last named premises; and the case will be retained for the purpose of determining whether it will be necessary to sell any other property.